# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DV, a minor child, by and through her parent,
legal guardian, and next friend EM,

      Plaintiff,

vs.                                       No. CIV 09-0420 JB/GBW

BOARD OF REGENTS OF THE NEW MEXICO
SCHOOL FOR THE DEAF, NEW MEXICO
SCHOOL FOR THE DEAF, and
RONNIE SANDOVAL,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Remand and Memorandum in Support Thereof, filed May 29, 2009 (Doc. 9).  The Court held a hearing on October 14, 2009.  The primary issues are: (i) whether the Court has federal jurisdiction over some of Plaintiff DV's claims or whether the State's Eleventh Amendment Immunity bars the Court from entertaining this action; (ii) whether the case should be remanded because Defendants Board of Regents of the New Mexico School for the Deaf, the New Mexico School for the Deaf, and Ronnie Sandoval failed to properly attach all necessary documents to their notice of removal; and (iii) whether the Court should remand the case based on the Defendants' alleged failure to satisfy the rule requiring unanimous consent of defendants before removal.  Because the Court finds (i) that the institutional Defendants have waived Eleventh Amendment immunity, (ii) that the Defendants' failure to attach all necessary documents, while a procedural defect, was cured when they filed the state court records in this Court; and (iii) that all Defendants properly joined in the Notice of

Removal, the Court will deny the motion to remand and retain jurisdiction of this case.

## FACTUAL BACKGROUND

This case primarily involves a civil rights action brought by Plaintiff DV, a minor child, by and through her parent and legal guardian, EM.[1]  See First Amended Complaint for Civil Rights Violations, Gender Discrimination, Sexual Assault and Harassment and Negligence at 1, filed May 20, 2009 (Doc. 7-2, pp. 19-27)("Complaint").  The New Mexico School for the Deaf ("NMSD") hired Sandoval to operate a van, and drive its students to and from their homes.  See Complaint ¶ 8, at 2-3.  DV alleges that neither the NMSD Regents nor the NMSD ever did a background check on Sandoval, nor did they sufficiently train or supervise him or his conduct on the NMSD vans.  See id.

On April 10, 2009, Sandoval had DV sit next to him on the passenger side of the van, placed his hand up DV's sleeve, and touched her breast under her bra.  See id. ¶ 9, at 3.  He then made the deaf sign for "curious" and started touching DV's thighs, close to her genitals.  See id. ¶ 11, at 3. The touching lasted a while, then Sandoval stopped.  See id.  When DV returned to her group home, she told one of the staff members, and the filing of the Complaint in this case eventually followed. See id. ¶ 12, at 3.

## PROCEDURAL BACKGROUND

DV filed her Complaint on March 5, 2009, naming the NMSD and Sandoval as defendants. See Complaint for Civil Rights Violations, Gender Discrimination, Sexual Assault and Harassment and Negligence, filed April 30, 2009 (Doc. 1-2).  The Complaint asserted three claims.  The first alleged that Sandoval and the NMSD have violated the Equal Protection Clause of the Fourteenth

---

[1] The Court writes its Factual Background section from the allegations of the Complaint, without regard to which allegations the Defendants controvert.

Amendment of the United States Constitution by singling her out for abuse based upon her gender. See Complaint ¶¶ 21-26, at 4-5.  The second asserted that those same Defendants violated DV's substantive due process rights by Sandoval's "absolutely unconscionable and shocking" conduct, and by interfering with DV's fundamental right to a public education.  Complaint ¶¶ 27-32, at 5-6. The third cause of action was for negligence allegedly falling under the New Mexico Tort Claims Act, NMSA 1987, § 41-4-5, based on "Defendant maintain[ing] and operat[ing] a motor vehicle in a dangerous and unsafe condition and thereby creat[ing] an unsafe condition existing on that vehicle."  Complaint ¶¶ 33-38, at 6-7.  On April 1, 2009, DV filed her First Amended Complaint, which adds the Board of Regents for the NMSD as a third defendant.  See Complaint ¶ 4, at 2.  The Amended Complaint also corrects one or two misstatements in the original Complaint, and adds two new paragraphs.

The NMSD was served with a number of documents -- the Summons on First Amended Complaint, the Summons, the First Amended Complaint, the Summons on the Complaint, the Complaint, and the Plaintiffs' First Interrogatory, all on April 15, 2009.  See Motion at 2; Transmittal of State Court Record Exhibit A, at 8-11 (Doc. 7-2)("State Rec.").  Also, to satisfy the rules regarding actions against an agency of the State of New Mexico, the Attorney General of New Mexico was served on April 14, 2009.  See State Rec. at 12.  The Board of Regents was served with the First Amended Complaint and the Summons on the First Amended Complaint on April 16, 2009. See State Rec. at 7.  Sandoval was served the First Amended Complaint, the Summons on the First Amended Complaint, and the Complaint, on April 17, 2009.  See State Rec. at 13-16.  The first-served defendant was thus served on April 15, 2009 and the last-served defendant was served on April 18, 2009.

On April 22, 2009, the firm of Long, Pound & Komer, P.A. filed an entry of appearance on

behalf of all named defendants – Sandoval, the NMSD, and the Board of Regents for the NMSD -- in the state court action.  See State Rec. at 17.  On April 30, 2009, the Defendants filed a Notice of Removal, stating that "[t]he Defendants, by and through their attorneys, Long, Pound & Komer, P.A., hereby give notice of removal."  Notice of Removal at 1-2, filed April 30, 2009 (Doc. 1).  The Notice included in its caption the names of all three Defendants.  See id., Caption, at 1.  The Defendants attached to the Notice a copy of the original Complaint.  See Notice of Removal Exhibit A.  On May 15, 2009, the Defendants, through the same counsel who filed the Notice of Removal, filed their Answer.  See Answer to Complaint for Civil Rights Violations, Gender Discrimination, Sexual Assault and Harassment and Negligence, filed May 15, 2009 (Doc. 5).  In the Answer, the attorneys were listed as "attorneys for Defendants," but the Answer itself indicated that it was for Defendants New Mexico School for the Deaf and Ronnie Sandoval only.  See id. at 1.  On May 20, 2009, pursuant to Local Rule 81.1, the Defendants submitted to the Court the remainder of the State court record.  See State Rec. at 1-46; D.N.M. LR-Civ. 81.1 ("A party removing an action under 28 U.S.C. § 1446 must file with the Clerk legible copies of records and proceedings from the state court action within thirty (30) calendar days after filing notice of removal.").  That record includes the First Amended Complaint as well as copies of the summonses and returns of service.  See State Rec. at 6-16, 19-38.  On May 29, 2009, DV filed this motion to remand her case to the First Judicial District Court, County of Santa Fe, New Mexico.

## ANALYSIS

DV moves the Court to remand this case to New Mexico State Court on two bases: (i) that the Court lacks federal jurisdiction based on the State's Eleventh Amendment immunity; and (ii) that the Defendants' Notice of Removal was procedurally deficient because the Defendants failed to unambiguously indicate that the Defendants unanimously consented to the removal and failed to

attach all pleadings and process to the Notice.  See Motion at 1.  Because the Defendants waived their Eleventh Amendment immunity, because the Defendants' failure to attach all required documents was cured, and because the Notice of Removal and statements of counsel demonstrate that each defendant has effectively consented, the Court will deny the motion.

I.    **ELEVENTH AMENDMENT IMMUNITY IS NOT AN ISSUE IN THIS CASE.**

While the Eleventh Amendment Immunity protects state agencies from damages suits in federal court, that protection can be waived.  One way that a state can waive its Eleventh Amendment protection is to remove a case against it from state court to federal court.  The state took that action in this case.

A.    **A STATE DEFENDANT MAY WAIVE ITS ELEVENTH AMENDMENT IMMUNITY BY REMOVING A CASE TO FEDERAL COURT.**

The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." U.S. Const. amend. XI.  This provision reminds us that a State is immune from suit in federal court on actions for money damages brought by her citizens -- or citizens of other states -- unless the State consents or Congress abrogates the State's immunity for that type of claim.  See Estes v. Wyoming Dep't of Transp., 302 F.3d 1200, 1203 (10th Cir. 2002) (citing Edelman v. Jordan, 415 U.S. 651, 662-63 (1974)).  As the stated rule implies, however, the immunity is limited, and a plaintiff or the court can force a State to defend a suit in federal court where that State consented to the suit or where Congress intentionally abrogated the State's Eleventh Amendment immunity by legislation passed pursuant to the Fourteenth Amendment, Article I, section 5.  See Estes v. Wyoming Dep't of Transp., 302 F.3d at 1203 (citing Coll. Savings Bank v. Fla. Prepaid Postsecondary Ed. Expense

Bd., 527 U.S. 666, 670 (1999)); Armijo v. State, No. CIV 08-0336 JB/ACT, 2009 U.S. Dist. LEXIS 46546, at **7-9 (D.N.M. Apr. 6, 2009)(Browning, J.)(citing Edelman v. Jordan, 415 U.S. at 673 (1974)).  Notably, Congress did not abrogate the States' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983, the statute upon which two of DV's claims are based.  See Armijo v. State, 2009 U.S. Dist. LEXIS 46546, at *8 (citing Quern v. Jordan, 440 U.S. 332, 340 (1979)).

One way in which a State can waive its Eleventh Amendment immunity is by being sued in State court and then, rather than asserting its common law immunity, removing the case to federal court pursuant to 28 U.S.C. § 1441.  See Lapides v. Bd. of Regents of the Univ. Sys. of Ga., 535 U.S. 613 (2002); Armijo v. State, 2009 U.S. Dist. LEXIS 46546, at **10-11; Abreu v. New Mexico Children, Youth and Families Dep't, No. CIV 08-1006 JB/RLP, 2009 U.S. Dist. LEXIS 39002, at **10-11 (D.N.M. Jan. 26, 2009)(Browning, J.).  The waiver occurs because, by removing the state-court suit to federal court, the State is invoking the jurisdiction of the federal court.  It would be inconsistent for the State to tell the federal court, "stop this state court from exercising power over this case -- you should decide it" and to then say "stop exercising power over this case -- you are not allowed to decide it because of the Eleventh Amendment and the State's nature as a pseudo-sovereign."  The waiver occurs whether the underlying cause of action asserted against the State in state court was a state-law or federal-law claim.  See Armijo v. State, 2009 U.S. Dist. LEXIS 46546, at **10-11 (citing Estes v. Wyoming Dep't of Transp., 302 F.3d at 1206)).  Although the Supreme Court of the United States has not directly ruled on the issue, this Court has held recently that this waiver can be made by the State's Attorney General, or by private counsel who have the authority under state law to represent the state agency.  See Armijo v. State, 2009 U.S. Dist. LEXIS 46546, at **12-13.  The Court reasoned that:

The immunity articulated in the Eleventh Amendment prohibits federal courts from

entertaining suits against states brought by their own citizens or citizens of another state without their consent. State agencies and state officials are likewise provided immunity as "an arm of the state." The Eleventh Amendment would therefore generally protect the [New Mexico] Department [of Transportation] -- which is an arm of the State of New Mexico -- from a suit for damages. Specifically, the Court would not have jurisdiction to hear a damages suit against the Department.

In this case, however, the Department removed the case to federal court. Removal is a form of voluntary invocation of a federal court's jurisdiction sufficient to waive the State's otherwise valid objection to litigation of a matter in a federal forum. This Court has recently held that, if the Defendants' counsel has the authority, under state law, to represent the Defendants -- who are state agencies -- then counsel may waive the Eleventh Amendment immunity defense by consenting to remove this case to federal court.

* * *

Neither party has contended that the attorney representing the Department lacks authority to represent the Department in this case. In the absence of any argument or evidence to the contrary, the Court presumes the representation is valid and finds that counsel had the authority to remove this case to federal court. By removing the case to federal court and invoking its jurisdiction, the Department has carried out an effective waiver of Eleventh-Amendment immunity. The Court is not aware of any other jurisdictional bars and will accordingly take jurisdiction over this case.

Armijo v. State, 2009 U.S. Dist. LEXIS 46546, at **12-14 (internal alterations, quotes, and citations omitted).

### B. THE INSTITUTIONAL DEFENDANTS HAVE WAIVED THEIR ELEVENTH AMENDMENT IMMUNITY BY REMOVING TO FEDERAL COURT.

DV's first argument for remand is that the Court lacks federal jurisdiction over this case based on the sovereign immunity embodied in the Eleventh Amendment. See Motion at 4-9. More specifically, she alleges that, while the claims under 42 U.S.C. § 1983 are properly before the Court, there is no waiver of Eleventh Amendment sovereign immunity with respect to the third claim under the New Mexico Tort Claims Act. See Motion at 4-9. DV asserts this third claim seeks damages from a state agency in its official capacity, and that the Eleventh Amendment bars such actions against the state, by a state citizen, in federal court, without the state's consent. See Motion at 5.

She recognizes that, in certain circumstances, a defendant's removal of a plaintiff's action to federal court can constitute a waiver of Eleventh Amendment immunity for the purposes of that action, but argues that those circumstances are not present in this case.  See Motion at 7.

First, DV asserts that the waiver must be by the State's attorney general, and that the waiver in this case, by "a law firm privately retained by State Risk Management to defend civil actions," is insufficient to waive Eleventh Amendment immunity.  Motion at 7.  Next, DV argues that the Court would be allowing the Defendants to "have it both ways" if it agrees that the Defendants' removal waived sovereign immunity and yet allows them to assert the defense of sovereign immunity to DV's negligence claim.  See id. at 8.  The Defendants argue that, under this Court's precedent, a private attorney retained by State Risk Management has authority to waive the state's sovereign immunity.  See Response at 6.  They further argue that they have not raised the defense of Eleventh Amendment; they distinguish Eleventh Amendment sovereign immunity, which protects a state from having to defend suits by its citizens or citizens of other states in federal court, from common-law sovereign immunity, which protects a state or other sovereign from liability unless it has waived that immunity.  See Response at 6-7.

In her reply, however, DV expresses willingness to accept the Defendants' position that they do not assert Eleventh Amendment immunity.  See Plaintiff's Reply to Defendants' Response to Plaintiff's Motion to Remand, Doc. No. 9, at 2, filed August 18, 2009 (Doc. 22)("Reply").  She concedes that, if the Defendants have the permission of the New Mexico Attorney General to remove this case, the removal constitutes a waiver of Eleventh Amendment immunity and thus the Eleventh Amendment does not deprive the Court of subject-matter jurisdiction in this case.  See Reply at 2; Transcript of Hearing at 4:4-11 (taken October 14, 2009)(Simmons)("MS. SIMMONS: . . . I think the Eleventh Amendment issue has been addressed by the defendants in their response

that they're waiving the Eleventh Amendment issues or that they wouldn't apply . . . and that position is satisfactory to plaintiff in terms of whether we're going to run into that issue down the pike if we remain in federal court, so I'm not arguing that today.")("Oct. 14 Tr.").[2]  Instead, DV asserts that the Court must remand this case based on procedural flaws in the removal process.  <u>See</u> Reply at 2.

　　　The Court accepts DV's concession.  Furthermore, the Defendants represent that they will provide the Court with an official commission by the Attorney General and the Attorney General's consent to removal. <u>See</u> Oct. 14 Tr. at 13:11-25 (Komer)("MR. KOMER: . . . I contacted David Thompson at the Attorney General's Office, and what he wanted to know was . . . what exactly the Court might require . . . if something was necessary from his office, . . . he's willing to do that[.] I remain willing to do that and I'm sure the Attorney General based on what Mr. Thompson told me would do that, as well, if necessary[.]"); <u>id.</u> at 14:13-15 (Komer)("[M]y understanding in the conversation with [the Attorney General's Office] is that I have authority to do this.  Do I have a specific letter or something like that to provide the Court today?  No.  But I could do so."); <u>id.</u> at 15:2-17 (Court)(". . . I would encourage you to seek that commission [and] express waiver of Eleventh Amendment immunity in this case.").  Moreover, the Court has twice recently held that private attorneys representing state agencies can consent to federal jurisdiction on behalf of the agency where the attorneys are authorized under state law to carry out the representation of the agency in the underlying action.  <u>See</u> <u>Armijo v. State</u>, 2009 U.S. Dist. LEXIS 46546, at **11-13; <u>Abreu v. New Mexico Children, Youth and Families Dep't</u>, No. CIV 08-1006 JB/RLP, 2009 U.S. Dist. LEXIS 39002, at *22 (D.N.M. Jan. 26, 2009)(Browning, J.).  In <u>Abreu v. New Mexico</u>

---

[2] The Court's citation to the transcript refers to the court reporter's original, unedited version. The final transcript may contain slightly different page and/or line numbers.

Children, Youth and Families Dep't, the earlier of the cases, the removing defendants acquired a commission and express waiver of Eleventh Amendment immunity from the Attorney General, but the Court did not require those additional elements.  See Abreu v. New Mexico Children, Youth and Families Dep't, 2009 U.S. Dist. LEXIS 39002, at *22 ("The Court finds additional reassurance in light of the representation from Defendants' counsel that they can obtain a commission from the State's Attorney General to litigate a case, and the Attorney General's express waiver of *Eleventh Amendment* immunity.")(italics in original, underlining added).  The Court finds that the law firm of Long, Pound & Komer, P.A. has authority under state law to act on behalf of each of the Defendants and, by filing a Notice of Removal, has waived any Eleventh Amendment immunity had by any of the Defendants that properly joined in removal.[3]

## II.     NEITHER OF THE ALLEGED PROCEDURAL DEFECTS MANDATE REMAND.

In her motion, DV points to two procedural defects that she alleges are fatal to the removal. She argues that the Defendants (i) failed to obtain unanimous consent of all Defendants before removal; and (ii) failed to attach all necessary pleadings, motions and process that had been served upon them, as 28 U.S.C. § 1446(a) requires.  See Motion at 9.  In her motion, she asserts that there is no leeway in these procedural details of removal, based on the general federal policy against removal jurisdiction and in favor of strictly construing jurisdiction-granting statutes in general.  See Motion at 9-10 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)).  She further asserts that the Defendants have the burden to prove the existence of federal jurisdiction, and that all doubts must be resolved in favor of remand.  See id. at 10 (citing State Farm Mut. Auto Ins.

_____

[3] The Court will find that each Defendant has properly joined in the removal of this case to the District of New Mexico, but the Court refers only to the Defendants "properly joined" to avoid putting the cart before the horse.

Co. v. Dyer, 19 F.3d 514, 518 (10th Cir. 1994); Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982); Greenshields v. Warren Petro. Corp., 248 F.2d 61, 65 (10th Cir. 1957)).

The Defendants respond that there was no ambiguity in its Notice of Removal, and that the Notice was clear that it was filed "on behalf of the defendants, all of whom are named in the caption and have appeared through the same law firm."  Response at 7.  In response to DV's argument regarding the failure to attach all necessary documents to the Notice of Removal, the Defendants assert that the Court should not be so nit-picky, and that such technical flaws should be remediable by amendment under the liberal standards applicable to pleadings.  See Response at 8.

DV, through counsel, agreed that the documents issue is a curable defect.  See Oct. 14 Tr. at 21:4-5 (Simmons)("[T]he technical issue of the attachment is something that can be cured and has been.").  The Court will thus address these procedural defects in reverse order.

### A.   ATTACHMENT OF DOCUMENTS IS NOT A JURISDICTIONAL DEFECT AND WAS REMEDIED WHEN THE STATE-COURT RECORD WAS FILED.

DV asserts that the Defendants failed to satisfy the requirements of 28 U.S.C. § 1446(a) by failing to attach anything to the Notice of Removal other than the original Complaint, which had already been superseded by the time the Notice was signed.  See Motion at 14-19.  The Defendants respond that the failure to attach to the Notice all documents served upon them is not fatal, and was cured on May 20, 2009, when they filed the entire state court record with the Court.  See Response at 10.  They contend that DV's argument "boils down to a contention that the additional documents were three days late, and that this constitutes a jurisdictional defect requiring remand."  Response at 10.  Rather, this defect was curable, and cured, by the Defendants' filing of the state court record.  See id.

1.    **Relevant Law on Removal and Attaching Documents to the Notice of Removal.**

Section 1441 of Title 28 of the United States Code authorizes federal jurisdiction over many cases initially filed in state court.  It states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  Generally speaking, under this statute, if a defendant is sued in state court and a federal court would have original jurisdiction over plaintiff's complaint, the defendant can transplant that suit from the state court in which it was filed to federal district court.[4]  See id.; Velarde v. Velarde, No. CIV. 08-1044 JB/RLP, 2009 U.S. Dist. LEXIS 75147, at ** 4-5 (D.N.M. June 29, 2009)(Browning, J.).

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [the federal courts'] constitutional role as limited tribunals." Pritchett v. Office Depot, Inc., 404 F.3d 1232, 1235 (10th Cir. 2005)(citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941) and King v. Hillcrest Health Ctr., 264 F.3d 1271, 1280 (10th Cir. 2001)).  "[D]oubts are to be resolved against removal." Fajen v. Found. Reserve Ins. Co., 683 F.2d at 333.  The United States Court of Appeals for the Tenth Circuit has explained that, "[g]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." Oklahoma Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 Fed. Appx. 775, 778 (10th

---

[4] Clearly, this sentence is a somewhat simplified explanation of removal and removal jurisdiction.  More detail will be given as needed.

Cir. 2005).  "The burden of establishing subject-matter jurisdiction is on the party asserting

jurisdiction." <u>Montoya v. Chao</u>, 296 F.3d 952, 955 (10th Cir. 2002).

Section 1446 of Title 28 contains the nuts and bolts of the removal process, including who

must file what where and when.  <u>See</u> 28 U.S.C. § 1446.  Section 1446(a) states that:

> A defendant . . . desiring to remove any civil action . . . from a State court shall file
> . . . a notice of removal signed pursuant to Rule 11 . . . and containing a short and
> plain statement of the grounds for removal, <u>together with a copy of all process,
> pleadings, and orders served upon such defendant or defendants in such action</u>.

28 U.S.C. § 1446(a) (emphasis added).  The United States Court of Appeals for the Seventh Circuit

has stated that the purpose of this directive is "obviously . . . to provide the district court with the

record materials necessary to enable the court and the litigants to delineate the issues to be tried."

<u>Biehl v. Nat'l Mut. Ins. Co.</u>, 374 F.2d 739, 742 (7th Cir. 1967).  Because removal statutes are to be

strictly construed, however, it is an issue whether failure to satisfy Section 1446(a)'s requirements

to the letter -- particularly, the requirement that the Notice of Removal include a copy of all process,

pleadings, and orders served upon the removing defendant -- is a jurisdictional defect that requires

remand, or is a procedural defect that can be cured.

There is a lack of Tenth Circuit case law directly on point.  The Tenth Circuit, however, has

often cited to Professors Charles Wright and Arthur Miller's <u>Federal Practice and Procedure</u> in its

jurisprudence, and found Wright and Miller to be persuasive authority.  <u>See, e.g.</u>, <u>The Wilderness</u>

<u>Society v. Kane County, Utah</u>, No. 08-4090, 2009 WL 2777712, *8 (10th Cir. Aug. 31, 2009);

<u>United States v. Commanche</u>, 577 F.3d 1261, 1267 (10th Cir. 2009); <u>United States v. Pursley</u>, 577

F.3d 1204, 1225 (10th Cir. 2009); <u>June v. Union Carbide Corp.</u>, 577 F.3d 1234, 1248 n.8 (10th Cir.

2009); <u>Law Co., Inc. v. Mohawk Const. and Supply Co., Inc.</u>, 577 F.3d 1164, 1170 (10th Cir. 2009);

<u>Yavuz v. 61 MM, Ltd.</u>, 576 F.3d 1166, 1173 (10th Cir. 2009).  Wright and Miller take the position

that failing to conform to the procedural requirements of Section 1446(a) "is not a jurisdictional defect."  14C C. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure § 3733, at 350-51 (3d ed. 1998).  "[B]oth the failure to file all the state court papers or to provide the Rule 11 signature are curable in the federal court if there is a motion to remand."  Id.  The authors of West's Federal Procedure have come to the same conclusion.  See 29A Fed. Proc. § 69:75 (2009).

Numerous cases that have addressed whether failure to attach documents as directed by Section 1446(a) is jurisdictional have gone the same way.  First, in Covington v. Indem. Ins. Co. of North Am., 251 F.2d 930 (5th Cir. 1958), the United States Court of Appeals for the Fifth Circuit addressed whether it was a fatal defect in removal that the removing defendant "did not file a copy of all process, pleadings and orders served upon him . . . in such action."  Id. at 932.  The Fifth Circuit found this omission to be no more serious than if the defendant had left out some documents when filing the state court record, and that such documents "may be later supplied."  Id. at 933 (citing Commodores Point Terminal Co. v. Hudnall, 279 F. 606, 607 (D.C. Fla. 1922)).  The Seventh Circuit in Biehl v. National Mutual Insurance Co. determined that failure to attach the complaint to the Notice of Removal[5] was a only a "minor irregularity of no consequence" that would not "defeat the District Court's jurisdiction."  374 F.2d at 742.  The Seventh Circuit found that to hold otherwise would be "to elevate form over substance," at least where, as in that case, the basic purpose of Section 1446(a) -- to ensure that the court and litigants had a hint of what issues were going to arise in the case -- was neither frustrated nor unfulfilled.  See id.

Closer to home, the United States District Court for the District of Kansas has recently addressed the same issue and come to the same result.  In Yellow Transp., Inc. v. Apex Digital, Inc.,

_____

[5] At that time, the removal document was a "petition for removal," but the effect was the same.  See 374 F.2d at 741.

-14-

406 F. Supp. 2d 1213 (D. Kan. 2005), the Honorable John W. Lungstrum, United States District

Judge, dealt with a removal case wherein the plaintiff argued that "the court should remand . . .

because defendant failed to attach to its notice of removal a copy of the state court summons served

on defendant, thus making the removal defective under 28 U.S.C. § 1446(a)."  406 F. Supp. 2d at

1214.  It was "undisputed that defendant failed to follow the required procedure," id., and that the

thirty-day period for seeking removal had expired, see id.  Thus, "the pivotal issue [was] whether

the proper remedy for defendant's failure to attach the summons is to remand the case or allow

defendant to cure the defect by filing an amended notice of removal notwithstanding expiration of

the thirty-day period."  Id.  Judge Lungstrum collected an impressive list of authorities for the

proposition that such procedural defects can be cured and do not deprive a district court of removal

jurisdiction.  See id. at 1215-16.  After analyzing Supreme Court precedent that Judge Lungstrum

interpreted as placing in district court's discretion whether to remand for procedural defects or

permit the defendant to remedy, he stated:

> [he could] see no valid reason for remanding this case solely because the defendant
> failed to attach the summons to the notice of removal.  The failure was inadvertent
> and trivial.  In and of itself, the failure did not unduly burden the court or reflect the
> complete failure to follow the removal procedure that typically leads to remand
> orders [such as] where the motion is made outside the thirty-day window or where
> all defendants do not join.  Important, also, is the fact that plaintiff suffered
> absolutely no prejudice whatsoever from the defect and this defect can be promptly
> and easily remedied by allowing defendant to file its proposed amended notice of
> removal.

406 F. Supp. 2d at 1219.  Judge Lungstrum denied the plaintiff's motion to remand.  See id.

DV manages to find contrary authority and cites it in her brief.  Most of it, however, merely

lists the failure to attach the necessary documents as an additional defect on top of already sufficient

reasons justifying remand, and no cases make any mention of an attempt by the Defendant to cure

the defect by providing the necessary documents to the Court after filing the notice of removal.  See

Velchez v. Carnival Corp., 331 F.3d 1207, 1209-10 (11th Cir. 2003) (dismissing appeal of remand order for want of jurisdiction based on 28 U.S.C. § 1447(d), but seeming to approve of the district court's dismissal for failure to attach the necessary documents, even though motion to remand was on other grounds);  Lorensen v. Jenney Mfg. Co., 158 F. Supp. 928, 929 (D. Mass. 1958)(finding "the petition [to be] defective on its face because it failed to contain a copy of the state court writ, or 'process,' as required by the removal statute," but also finding that the court lacked jurisdiction because amount in controversy requirement could not be met); California v. Gibson-Rondon Corp., 421 F. Supp. 149, 149 (C.D. Cal. 1974)("It further appears that Petitioner-Defendant herein (the Defendant therein) has not complied with the procedural requirements for the removal of cases [by] fail[ing] to file in the District Court of the United States a copy of all process, pleadings and orders served upon it in the State criminal prosecution")(emphasis added); Cook v. Robinson, 612 F. Supp. 187, 190 (E.D. Va. 1985)("Defendants' petition for removal contains a number of irregularities," including failure to remove within the thirty-day limit specified in 28 U.S.C. § 1446(a) as well as failure to attach the necessary documents, and there was no mention of any attempt to cure); Cury v. Royal Palm Savings Assoc., 713 F. Supp. 388, 388-89 (S.D. Fla. 1989) (upholding on reconsideration a dismissal for failure to attach the necessary documents to a petition for removal, but indicating that such attachment must only be made before the federal court attempts to determine its jurisdiction of the case); Burnett v. Birmingham Bd. of Educ., 861 F. Supp. 1036, 1037 (N.D. Ala. 1994) (stating that the failure to attach a copy of the summons served on one of the defendants "was a clear procedural defect . . . and one which would have been fatal if it had been raised by plaintiffs within the thirty (30) day period allowed by 28 U.S.C. § 1447(c)."); Reneau v. Oakwood Mobile Homes, 952 F. Supp. 724, 726 (N.D. Ala. 1997) (commenting that it is a procedural defect to fail to file the documents with the notice of removal, but that it has no authority to *sua sponte*

raise that procedural, non-jurisdictional defect and the plaintiffs waived it by not moving to remand within 30 days).  The Court is not persuaded by this authority, none of which goes so far as to remand based solely on this defect.  The Court agrees with Professors Wright and Miller, Judge Lungstrum, and the Seventh and Fifth Circuits in finding that failure to attach the necessary documents to the notice of removal is not a jurisdictional defect and can be cured.

Furthermore, the Court is not convinced any violation of § 1446 existed at the time that DV filed her motion to remand.  A persuasive case can be made that the plain language of 28 U.S.C. § 1446(a) requires that <u>all</u> documents served on the defendants <u>must</u> accompany the notice of removal: "A defendant or defendants desiring to remove any civil action . . . from a State court shall file . . . a notice of removal . . . , together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).  The usual practice is to physically attach the documents with a staple or, now, by putting them in the same computer file.  <u>See</u> 28 U.S.C. § 1446(c)(4) ("If it clearly appears on the face of the notice and any exhibits annexed thereto . . . .").  There is nothing in the rule, however, that requires a staple or a single computer file.  While the rule uses the word "together," it does not require the notice and the documents to be somehow united in one document.

Section 1446(b) requires the notice of removal to be filed within thirty days after the receipt by the defendant of the pleadings or the summons.  Section 1446(b) does not mention the documents served on the defendant.  The issue is thus this: (i) whether the documents must be filed on the same day as the notice of removal; and (ii) if the documents are not filed at the same time as the notice of removal, must they be filed within thirty days of the receipt by the defendant of the pleading or the summons.  The Court concludes that, while "together" might require simultaneous filing, it does not necessarily mandate it.  <u>The American Heritage Dictionary of the English Language</u> states, in

its Usage Note:

> Together with, like in addition to, is often employed following the subject of a
> sentence or clause to introduce an addition.  The addition, however, does not alter
> the number of the verb, which is governed by the subject: The king (singular),
> together with two aides, is expected in an hour.  The same is true of along with,
> besides, and in addition to.

The American Heritage Dictionary of the English Language at 1884 (3d ed. 1992).

The Court believes that this construction of "together" is more appropriate than one that requires "simultaneous" filing.  It is sufficient if the documents are filed "in addition" to the notice of removal.  As such, the filing does not here need to be simultaneous.  Also, the filing does not have to be within thirty days of receipt of the pleadings or summons.  The rule merely requires that the defendant file both, and by the time DV filed this Motion, the Defendants had done so.

2.       **The Defect of Failure to Attach the Necessary Documents was Curable and the Defendants Cured It.**

In this case, the Defendants timely filed a Notice of Removal, to which they attached only the original Complaint that DV had served upon them.  They did not attach any of the process served upon them or the Amended Complaint in which the Regents were, for the first time, named as a defendant.  Nevertheless, the Court believes that the Defendants' failure to attach "all process, pleadings, and orders served upon [the Defendants] in such action" is not a jurisdictional defect. The failure to file simultaneously, or within thirty days of receipt by the defendant of the pleading or summons, "did not unduly burden the [C]ourt or reflect the complete failure to follow the removal procedure that typically leads to remand orders [such as] where the motion is made outside the thirty-day window or where all defendants do not join."  406 F. Supp. 2d at 1219; id. at 1217 ("[U]nlike the thirty-day removal deadline or the requirement of unanimity, [the document-attachment requirement] does not go to the heart of the attempt to invoke federal court

-18-

jurisdiction.").  Accordingly, the Court concludes that the defect, if any even existed at the time DV filed her motion, was curable.

Furthermore, the Court finds that the Defendants cured the defect by filing the state trial court record with the Court on May 20, 2009, nine days before DV filed her motion.  See 28 U.S.C. § 1447(b)("It may require the removing party to file with its clerk copies of all records and proceedings in such State court or may cause the same to be brought before it by writ of certiorari issued to such State court."); D.N.M. LR-Civ. 81.1 ("A party removing an action under 28 U.S.C. § 1446 must file with the Clerk legible copies of records and proceedings from the state court action within thirty (30) calendar days after filing notice of removal.").  Thus, no defect existed at the time she filed her motion to remand.  DV, through her attorney, Nancy Simmons, conceded as much at the hearing on this motion.  See Oct. 14 Tr. at 2:12-25, 21:4-10 (Simmons)("MS. SIMMONS:  I think the technical issue of the attachment is something that can be cured and has been."); id. at 21:n-13 (Court, Simmons) ("THE COURT:  That doesn't have to be done within the . . . [p]eriod of 30 days?  MS. SIMMONS: No but that to me is different from whether one can cure confusion as to who's removed.").  The Court will therefore decline to remand this case to the First Judicial District Court in the County of Santa Fe on this basis.

**B.   THE DEFENDANT NEED NOT PROVE CONSULTATION WITH EACH DEFENDANT TO SATISFY THE RULE OF UNANIMITY.**

DV's final argument is more nuanced.  In briefing, she asserts that the pleadings and Notice of Removal make clear that the Defendants failed to get the consent of the newest Defendant, the Board of Regents of the NMSD.  See Motion at 11-13.  Because the Defendants failed to attach all documents to their Notice of Removal, and the original Complaint that was attached named only Sandoval and NMSD as Defendants, she argues, the Notice was ambiguous which of the three

-19-

Defendants were seeking removal, and was further ambiguous whether all three Defendants consented to removal. See Motion at 12-13. She argues that this ambiguity warranted her filing of a motion to remand and placed upon the Defendants the burden of proving all necessary prerequisites to removal, including unanimous consent. See Oct. 14 Tr. at 21:22-23:8 (Simmons). Finally, she argues that, because the Defendants cannot provide clear evidence that the Regents had both been personally consulted and had consented to removal, the unanimity requirement is not met and remand is required. See id. at 22:10-23:8 ("I think the point is that the Regents would have been entitled to have said . . . we weren't consulted, . . . you didn't consult the regents as to whether they want to remove and subject themselves to federal court jurisdiction over a state law issue . . . ."); Reply at 3 ("[C]ounsel's assertion that he is consenting on behalf of 'all defendants,' without any clear indication that he *actually consulted the Regents*, is unavailing.")(emphasis in original).

The Defendants respond that there is no ambiguity, because "it is filed on behalf of the defendants, all of whom are named in the caption and have appeared through the same law firm." Response at 7. They argue that the Notice of Removal does not seek to define whom the Defendants are by reference to the Complaint attached to it and that the presence of the Complaint does not create ambiguity where none exists. See id. at 8. They argue also that this is "legal flaw-picking" that should not keep the Court from reaching the merits of the case and that the Court should apply the more liberal standards for amendment of pleadings. See id. at 8-9. Finally, the Defendants assert that the omission of the Regents was inconsequential, because the NMSD and the Regents are nominal defendants and are, essentially, one and the same. See id. at 9. Because the Notice of Removal is not ambiguous which Defendants sought removal and because the Court has not required more than the representation of counsel that his or her client consents to removal, the Court will deny DV's motion to remand.

### 1.    The Unanimity Rule Does Not Demand Remand Here.

The removal statute does not explicitly require that all defendants who have been served in a multi-defendant case must join in the notice of removal.  See Vasquez v. Americano U.S.A., LLC, 536 F. Supp. 2d 1253, 1257 (D.N.M. 2008).  Nevertheless, the Tenth Circuit has stated that, where there are multiple defendants, all defendants served at the time of filing must join in the notice of removal.  See Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981).  A notice of removal fails if this procedural requirement is not met.  See id.  Courts generally refer to this requirement that all defendants served at the time of filing must join in the notice of removal as the "unanimity rule." See McShares, Inc. v. Barry, 979 F. Supp. 1338, 1342 (D. Kan. 1997).  The unanimity rule requires that, "where there are multiple defendants, all defendants served at the time of filing must join in the notice of removal." Vasquez v. Americano U.S.A., LLC, 536 F. Supp. 2d at 1257.  Courts have also required that, to join a notice of removal, the support must be in writing.  See Henderson v. Holmes, 920 F. Supp. 1184, 1186 (D. Kan. 1996)(citing Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir. 1994)).  16 J. Moore & G. Vairo, Moore's Federal Practice § 107.11[1][c], at 107-38 (3d ed. 2008).  Some courts, however, "have accepted oral consents directed expressly at the court." Id. § 107.11[1][c], at 107-38 (citing cases).

Most, if not all, courts have not required all defendants to sign the same notice of removal. See Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988); McShares, Inc. v. Barry, 979 F. Supp. at 1342; Jarvis v. FHP of Utah, Inc., 874 F. Supp. 1253, 1254 (D. Utah 1995).  Some courts, however, have imposed on the non-removing defendants an additional requirement.  Some courts state that, even though all defendants are not required to sign the same notice of removal, each defendant must independently and unambiguously file notice of its consent to join in the removal within the thirty-day period.  See McShares, Inc. v.

Barry, 979 F. Supp. at 1254; Jarvis v. FHP of Utah, 874 F. Supp. at 1254.

The United States District Court for the District of Kansas laid out the rationale for this "independent and unambiguous" consent requirement in Henderson v. Holmes, 920 F. Supp. 1184, 1187 n.2 (D. Kan. 1996):

> There are valid reasons for [the requirement of independent and unambiguous filing of consent]. Without such a filing, "there would be nothing on the record to 'bind' the allegedly consenting defendant." [Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of N. Am., 841 F.2d at 1262 n.11]. It serves the policy of insuring the unanimity necessary for removal. Martin Oil Co. v. Philadelphia Life Ins. Co., 827 F. Supp. 1236, 1238 (N.D.W. Va. 1993). It is consistent with the notion that filing requirements are strictly construed and enforced in favor of remand. Barger v. Bristol-Myers Squibb Company, 1994 U.S. Dist. LEXIS 2267,*11, 1994 WL 69508, at *2 (D. Kan. Feb. 25, 1994)(No. 93-2485-JWL). It is not an onerous requirement that unfairly disadvantages defendants or that can be manipulated by the plaintiff. [Jarvis v. FHP of Utah, Inc., 874 F. Supp. at 1255]. District courts within the Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth and Eleventh Circuits have endorsed similar requirements. See, e.g., Ogletree v. Barnes, 851 F. Supp. 184, 188-190 (E.D. Pa. 1994)(Third Circuit); Martin Oil Co. [v. Philadelphia Life Ins. Co.], 827 F. Supp. at 1238-39 (and citations therein)(Fourth Circuit); Thompson v. Louisville Ladder Corp., 835 F. Supp. 336, 337 n.3 (E.D. Tex. 1993)(Fifth Circuit); Knickerbocker v. Chrysler Corp., 728 F. Supp. 460, 461-62 (E.D. Mich. 1990)(Sixth Circuit); Fellhauer v. City of Geneva, 673 F. Supp. 1445, 1447-48 (N.D. Ill. 1987)(Seventh Circuit); Ford v. New United Motors, Mfg., Inc., 857 F. Supp. 707, 708 n.3 (N.D. Cal 1994)(Ninth Circuit); [Jarvis v. FHP of Utah, Inc.], 874 F. Supp. at 1254-55 (Tenth Circuit); and Knowles v. Hertz Equipment Rental Co., 657 F. Supp. 109, 110 (S.D. Fla.1987)(Eleventh Circuit).

920 F. Supp. at 1187 n.2. Under this "independent and unambiguous" rule, it is insufficient for the removing defendant, in its notice of removal, to represent that all other defendants consent to removal. See McShares, Inc. v. Barry, 979 F. Supp. at 1342-43 (citing Landman v. Borough of Bristol, 896 F. Supp. 406, 408-09 (E.D. Pa. 1995)). In Spillers v. Tillman, 959 F. Supp. 364 (S.D. Miss. 1997), the court noted that the majority view is that "'mere assertion in a removal petition that all defendants consent to removal fails to constitute a sufficient joinder.'" Id. at 369 (quoting Production Stamping Corp. v. Maryland Casualty Co., 829 F. Supp. 1074, 1076 (E.D. Wis. 1993)).

"One defendant's attempt to speak on behalf of another defendant will not suffice." <u>Landman v. Borough of Bristol</u>, 896 F. Supp. at 409 (citations omitted).

A small minority of the case law allows for a defendant filing a notice of removal to represent the other named defendants' consent within such a notice. <u>See</u> <u>Jasper v. Wal-Mart Stores, Inc.</u>, 732 F. Supp. 104, 105 (M.D. Fla. 1990)("Additionally all defendants, served at the time of filing the petition, must join in the removal petition; the petition must be signed by all defendants or the signer must allege consent all defendants."). The majority rule, however, does not allow one defendant to represent the consent of the others. <u>See</u> J. Moore, <u>supra</u>, § 107.11[1][c], at 107-38.

The Court has found no opinion from the Tenth Circuit requiring more than a representation of consent in the notice of removal. And to the Court's knowledge, until the opinion of the Honorable William P. Johnson, United States District Judge, in <u>Vasquez v. Americano U.S.A., LLC</u>, no case from the District of New Mexico required more than the representation of consent in the notice of removal. Under <u>Vasquez v. Americano U.S.A., LLC</u>, which this Court has analyzed in a previous opinion on a motion to remand, <u>see</u> <u>Roybal v. City of Albuquerque</u>, No. CIV 08-181 JB/LFG, 2008 U.S. Dist. LEXIS 108749, at **13-16 (D.N.M. Sept. 24, 2008)(Browning, J.), Judge Johnson did an in-depth analysis of what this unanimity rule should require. <u>Vasquez v. Americano U.S.A., LLC</u> involved four defendants. One of the defendants, Americano, filed a notice of removal that stated: "Florencio Hernandez, the Daniel Company and Larry Dodson consent to the removal of this action." <u>Vasquez v. Americano U.S.A., LLC</u>, 536 F. Supp. 2d at 1257. Americano's counsel represented both Americano and Hernandez. <u>See</u> <u>id.</u> at 1257 n.2.

Judge Johnson stated the issue as follows: "[M]ust all defendants formally consent in writing to removal from state court in order for removal to be proper?" 536 F. Supp. 2d at 1257. Judge Johnson concluded "that formal consent to removal by all defendants is required." <u>Id.</u> Under the

unanimity rule as Judge Johnson interpreted it in <u>Vasquez v. Americano U.S.A., LLC</u>, "each defendant must independently and unambiguously file notice of its consent to join in the removal within the thirty-day period." <u>Id.</u> at 1258 (citing <u>McShares, Inc. v. Barry</u>, 979 F. Supp. at 1342 and <u>Jarvis v. FHP of Utah, Inc.</u>, 874 F. Supp. 1253, 1254 (D. Utah 1995)).  According to Judge Johnson, it is "insufficient for the remaining defendant, in its notice of removal, to represent that all other defendants consent to removal."  <u>Vasquez v. Americano U.S.A., LLC</u>, 536 F. Supp. 2d at 1258. "Defendants who do not sign the actual notice of removal must file an independent and unambiguous notice of consent to join in the removal." <u>Id.</u> at 1259.

Judge Johnson appeared to find an exception from his "independent and unambiguous" rule, however, which he references in footnote 2 of his opinion.  There, Judge Johnson held that, because Americano's counsel also represented Hernandez, Hernandez was "considered properly joined" in the removal.  <u>Id.</u> at 1257 n.2.  In this Court's opinion in <u>Roybal v. City of Albuquerque</u>, it agreed that this is likely the proper analysis under the unanimity rule:

> If the Court were to construe footnote 2 in <u>Vasquez v. Americano U.S.A., LLC</u> as allowing an attorney to file a notice of removal and state the consent of all defendants that the attorney represents, then the Defendants represented by the same counsel . . . should be deemed properly joined in the . . . Notice of Removal.  The Court believes this reading of <u>Vasquez v. Americano U.S.A., LLC</u> is the correct one.

2008 U.S. Dist. LEXIS 108749, at *20.  The Court is convinced that, because counsel speaks for his client in all other respects during representation, a Notice of Removal that is on behalf of all defendants represented by the signing attorney constitutes sufficient proof that each defendant joins in and consents to removal.

### 2.    *Lampkin v. Media General, Inc.* Is Distinguishable from This Case.

The primary case upon which DV in oral argument, <u>see</u> <u>Lampkin v. Media General, Inc.</u>, 302 F. Supp. 2d 1293 (N.D. Ala. 2004), is unavailing.  <u>See</u> Oct. 14 Tr. at 22:5-10 (Simmons)("And to

my mind that is almost identical to what occurred in <u>Lampkin</u> . . . ."); <u>id.</u> at 22:21-22 (Simmons) ("[T]hat's very much the same as what happened in <u>Lampkin</u>.").  On its face, the case appears to stand for the proposition which Ms. Simmons suggests, that an attorney representing multiple defendants cannot consent for all of them without some evidence that each of those defendants individually consented.  Upon closer inspection, however, the case stands only for the proposition that the Notice of Removal must aver that each defendant seeks removal.

In <u>Lampkin v. Media General, Inc.</u>, Lampkin sued Media General, Inc. ("MGI") and Media General Operations, Inc. ("MGO") -- MGI's subsidiary -- in Alabama state court.  <u>See</u> 302 F. Supp. 2d at 1293-94.  The same counsel represented both MGI and MGO.  <u>See id.</u> at 1294.  MGI removed the case to the United States District Court for the Middle District of Alabama, and Lampkin sought to remand because, he argued, MGO had not joined in MGI's Notice of Removal.  <u>See id.</u>  MGI and MGO argued that the joinder of MGO was not necessary: (i) because MGO was a wholly owned subsidiary of MGI; or (ii) because MGI and MGO share the same counsel and that counsel, representing both parties, signed the Notice of Removal.  <u>See id.</u>  The district court found neither argument persuasive.  It held that, even though MGO was a wholly-owned subsidiary of MGI, it was an independent legal entity that must separately and independently consent to removal.  <u>See id.</u> at 1294-95.  The court further held that, because it was unclear from the face of the Notice of Removal that counsel intended to act on behalf of both defendants, the attorney's signature could not be sufficient to show MGO's consent and thereby satisfy the unanimity requirement.  <u>See id.</u>

The decision in <u>Lampkin v. Media General, Inc.</u> appears to show that the Middle District of Alabama would not permit the Defendants to do what they have done, use the signature of joint counsel on the Notice of Removal to show that all represented defendants consent to removal.  Upon further study, the Court believes that is an incorrect reading of the opinion.  The Middle District of

Alabama disagreed with the proposition that MGI/MGO's counsel set forth: that "because they shared the same attorney and the notice was signed by that attorney, the notice was a joint notice of removal."  The difference between that case and this one can be found in the Notice of Removal that MGI filed.  The Notice in <u>Lampkin v. Media General, Inc.</u> was clear that only one of the defendants, MGI, was removing the case.  First, the caption to the Notice of Removal styled the case <u>Essie Lampkin vs. Media General, Inc. et al.</u>, only implicitly naming Media General Operations, Inc. as a defendant.  Further, the language of the Notice made clear that only MGI was acting:

> Media General, Inc. (hereinafter "Media General") is a defendant in a case entitled Essie Lampkin vs. Media General, Inc. et al., CV. 2003-840-A, Circuit Court of Houston County, Alabama (hereinafter "the State Court action").  Defendant <u>Media General files this Notice of Removal</u> of said action into the United States District Court for the Middle District of Alabama and respectfully shows unto the Court the following:
>
> ***
>
> 9.  <u>Media General desires to remove this action</u> into the United States District Court for the Middle District of Alabama pursuant to the acts of Congress in that behalf made and provided and pursuant to the Federal Rules of Civil Procedure.  <u>Upon filing this notice, the defendant will promptly give written notice thereof to the adverse party</u> and will file a copy of this notice with the Clerk of the Circuit Court of Houston County, Alabama.
>
> WHEREFORE, <u>the defendant Media General</u> hereby gives notice that the above-described action against it in the Circuit Court of Houston County, Alabama is removed therefrom to this Court.

Notice of Removal at 1-3, <u>Lampkin v. Media General, Inc.</u>, 302 F. Supp. 2d 1293 (M.D. Ala. 2004) (No. CV-03-B-1182-5)(emphasis added).  The repeated reference to "defendant Media General" implicitly excluded all other defendants from being actors in the Notice.  MGO, however, was not completely forgotten, as it was referenced in the third paragraph: "3.   The remaining defendant named in the State Court action, Media General Operations, Inc., is a wholly owned subsidiary of Media General, organized and existing under the laws of the State of Virginia and having its

principal place of business in Richmond, Virginia." Id. at 2.  In the Lampkin v. Media General, Inc. Notice of Removal, it appeared that MGI alone sought removal and that MGI/MGO's attorney filed the Notice of Removal only on behalf of MGI and not on behalf of MGO.  See Lampkin v. Media General, Inc., 302 F. Supp. 2d at 1295 ("[I]t is unclear how MGI and [MGO] expected this court and Lampkin to be aware of their objective, as the notice itself gives no indication of their intent.").

On the other hand, in this case, the Notice of Removal is not ambiguous, especially in light of the April 22, 2009 Notice of Entry of Appearance that the Long, Pound & Komer firm entered on behalf of all three Defendants in the New Mexico state court proceeding.  See State Rec. at 17. The caption on the Notice of Removal lists all three of the Defendants, each represented by the same counsel that filed the Notice: "BOARD OF REGENTS OF THE NEW MEXICO SCHOOL FOR THE DEAF, NEW MEXICO SCHOOL FOR THE DEAF, and RONNIE SANDOVAL, Defendants."  Notice of Removal at 1.  The Notice is also unambiguous as to which Defendants are giving their notice of removal -- all of them: "The Defendants, by and through their attorneys, Long, Pound & Komer, P.A., hereby give notice of removal, and state to the Court that they are named as defendants in a civil suit which was filed in the First Judicial District Court, County of Santa Fe, State of New Mexico . . . ."  Id. at 1.  The Court does not believe that Lampkin v. Media General, Inc. counsels for remand in this case, and, even if it did, Lampkin v. Media General, Inc. is not binding authority in this jurisdiction.

> **3.      The Requirement of Unanimous Consent Does Not Require Unanimous Consultation.**

One underlying theme throughout DV's briefs and oral argument is that the requirement that all defendants consent and join in the notice of removal has an implicit additional requirement that each defendant be consulted and, after consultation, clearly and individually agree to the removal.

See Oct. 14 Tr. at 8:16-20 (Simmons) ("So at this point in time there is not an expression that the Board of Regents has been consulted."); id. at 22:10-23:8 (Simmons) ("I think the point is that the Regents would have been entitled to have said . . . we weren't consulted, . . . you didn't consult the regents as to whether they want to remove and subject themselves to federal court jurisdiction over a state law issue . . . ."); Reply at 3 ("[C]ounsel's assertion that he is consenting on behalf of 'all defendants,' without any clear indication that he *actually consulted the Regents*, is unavailing.")(emphasis in original).  The Defendants do not represent that each individual Regent on the Board has been consulted -- to the contrary, they concede that such is not the case.  See Oct. 14 Tr. at 16:10-14 (Komer) ("[D]id we convene a special meeting of the regents to discuss this? No. And that's not ordinarily done.  But I can assure the Court and counsel that my representative was contacted in advance of doing this and knew that it was coming.").  They argue implicitly that consultation of each individual member of the Board of Regents is not necessary, but rather that a representative can consent on behalf of the body, and that, based on that representation of consent, counsel can remove on behalf of the client.

In general, it appears that DV agrees with the Defendants on at least part of this point.  Ms. Simmons, DV's counsel, said in the hearing that, if the Defendants were individuals, she would not see any way to challenge the representation of counsel that the client had consented to removal.  See Oct. 14 Tr. at 5:24-6:7 (Simmons) ("If . . . I had only named Ronnie Sandoval and the attorney said Ronnie Sandoval consents, I think the assumption is that Ronnie Sandoval had been consulted and I don't see any way short of breaking attorney-client privilege . . . .").[6]  She likewise agreed that, if the defendant were a corporation, "[i]f the attorney says, 'sir, I have consulted with my client and

---

[6] DV's counsel even concedes that defense counsel was acting in good faith in this case.  See Oct. 14 Tr. at 6:7-8 (Simmons).

my client consents,' [she] wouldn't question that." Oct. 14 Tr. at 7:13-15 (Simmons). It therefore appears that it is only the fact that there is no evidence that Mr. Komer consulted with the individual regents and obtained from each -- or, at least, a sufficient number of them -- consent to remove the case to federal court.

The Court is persuaded by the Defendants' position. The federal removal statutes and the common law that supplements them are complex and detailed. As discussed at length above, the Tenth Circuit has supplemented the statutory requirements with the rule of unanimity, requiring that each of the defendants join in or consent to the removal. Nowhere has the Court found authority for the proposition that a defense attorney must provide the Court with, not only evidence that the client consented to removal, but evidence that the attorney consulted with the client beforehand. The Court thinks such a requirement would be at odds with the American conception of attorney representation, wherein the attorney acts on behalf of the client and the Court is to accept that the attorney acts on the client's behalf and with the client's blessing. See Gripe v. City of Enid, Okla., 312 F.3d 1184, 1188-89 (10th Cir. 2002)(penalizing the litigant based on counsel's conduct because "[a] litigant is bound by the actions of his attorney, and relative innocence of the litigant in the failure does not constitute grounds for relief."); City of Wichita, Kan. v. Sw. Bell Tele. Co., 24 F.3d 1282, 1288 (10th Cir. 1994) ("An attorney is clothes with sufficient apparent authority to bind a client for services that are routinely and directly connected with the representation."); Gross v. Gen. Motors Corp., 252 F.R.D. 693, 697 (D. Kan. 2008) ("[A]ny acts and omissions of counsel are attributable to the client.")(citing LaFleur v. Teen Help, 342 F.3d 1145, 1151 (10th Cir. 2003)). Even DV admits that, under normal circumstances, an attorney's representation that its client consents to removal would be sufficient. The Court agrees, and does not believe that it should read one more procedural safeguard into the removal statutes by requiring evidence of consultation prior

to removal.

The Court thus concludes that the Defendants' Notice of Removal, in which the caption named each of the three defendants and which stated generally that "[t]he Defendants, by and through their attorneys, Long, Pound & Komer, P.A., hereby give notice of removal," satisfies the requirement of unanimous consent as to those Defendants that the firm of Long, Pound & Komer, P.A. represent.  Because the firm represents all three Defendants, as demonstrated by the Notice of Entry of Appearance filed in the state court on April 22, 2009, the Court concludes that the Notice of Removal is not defective for failure to satisfy the unanimity rule.  Therefore, because no procedural defect plagues the Notice of Removal and the Court has jurisdiction over DV's claims, the Court will deny the motion to remand.

**IT IS ORDERED** that the Plaintiff's Motion to Remand and Memorandum in Support Thereof is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Nancy L. Simmons
David Meilleur
Law Offices of Nancy L. Simmons
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs*

Mark E. Komer
Long, Pound & Komer, P.A.
Santa Fe, New Mexico

    *Attorney for the Defendants*